# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 2, 2002 Session

## BASIL MARCEAUX v. CHATTANOOGA PRINTING

**Appeal from the Circuit Court for Hamilton County**
**No. 01C1164     L. Marie Williams, Judge**
**FILED OCTOBER 29, 2002**

**No. E2001-03072-COA-R3-CV**

---

Basil Marceaux ("Mr. Marceaux") sued Chattanooga Printing for the loss or destruction of certain printing plates. The Trial Court found that Mr. Marceaux failed to carry the burden of proof showing he owned or had any ownership interest in the printing plates. The record contains neither a transcript nor a statement of the evidence. Mr. Marceaux appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, J., and HERSCHEL P. FRANKS, J., joined.

Basil Marceaux, Soddy Daisy, Tennessee, pro se Appellant.

Arthur C. Grisham, Jr., Chattanooga, Tennessee, for the Appellee, Chattanooga Printing.

## MEMORANDUM OPINION[1]

Mr. Marceaux sued Chattanooga Printing in Hamilton County General Sessions Court seeking damages of over $12,000.00. Mr. Marceaux apparently alleged that Chattanooga Printing had lost, or destroyed without his permission, certain printing plates owned by Mr. Marceaux. The

---

[1]Rule 10 of the Rules of the Court of Appeals provides: This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

General Sessions Court entered a judgment for Chattanooga Printing. Mr. Marceaux appealed to Circuit Court and a bench trial was held. Following trial, a Judgment Order was entered wherein the Trial Court found that Mr. Marceaux had failed to carry his burden of proof showing he owned or had any ownership interest in the printing plates. The Judgment Order dismissed the complaint on the merits and rendered judgment in favor of Chattanooga Printing. Mr. Marceaux then appealed to this Court.

Mr. Marceaux lists fourteen separate issues on appeal. The sole overriding issue, however, is whether or not the Trial Court erred in holding that Mr. Marceaux failed to carry his burden of proof showing he owned or had any ownership interest in the printing plates.

Our ability to address this dispositive issue raised by Mr. Marceaux in this appeal is hampered by the absence of either a transcript of the proceedings in the Trial Court or a statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c). "This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). The Trial Court in its Judgment Order noted that its decision was rendered after hearing testimony of witnesses and after considering all the documentary evidence submitted to the Trial Court. After considering all the evidence presented to it, the Trial Court specifically found that Mr. Marceaux failed to carry his burden of proof showing that he owned or had any ownership interest in the printing plates. As we must assume the record, had it been preserved, would have contained sufficient evidence to support the Trial Court's factual findings, and no error of law being shown, we affirm the decision of the Trial Court.

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Basil Marceaux.

_____
D. MICHAEL SWINEY, JUDGE